# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PRODRIVER LEASING SYSTEMS, INC., <br><br> Plaintiff, <br> v. <br><br> THE CINCINNATI INDEMNITY COMPANY, <br><br> Defendant and <br> Third-Party Plaintiff, <br><br> v. <br><br> PDL, INC., <br><br> Third-Party Defendant. | Case No. 16-CV-995-JPS <br><br> **ORDER** |

The plaintiff, Pro-Driver Leasing Systems, Inc. ("Pro-Driver"), filed this action in July 2016 seeking a declaration as to the liability of its insurance carrier, defendant Cincinnati Indemnity Company ("Cincinnati"), to defend Pro-Driver in an underlying lawsuit, *EB IP Holdings LLC, and Professional Drivers of Georgia, Inc. d/b/a ProDrivers v. Pro-Driver Leasing Systems, Inc. and PDL, Inc.*, Case No. 4:16-cv-01659, pending in the District Court for the Southern District of Texas, Houston Division (the "Texas Litigation"). (Docket #1, #4). Cincinnati counterclaimed for, among other things, a declaration that it is not obligated under the governing insurance policy to defend or indemnify Pro-Driver in the Texas Litigation. (Docket #12). Cincinnati also filed a third-party complaint seeking declaratory and other relief against PDL, Inc. ("PDL"), Pro-Driver's

subsidiary and a co-defendant in the Texas Litigation. (Docket #13).[1] Cincinnati has since accepted the defense of Pro-Driver and PDL in the Texas Litigation under a reservation of rights. *See* (Docket #61 at 2).

The parties have engaged in significant motion practice in this case, some of which was resolved or withdrawn as a result of progress in the underlying Texas Litigation as well as the parties' efforts at mediation. Still pending before the Court are two fully briefed motions to dismiss and two fully briefed motions for summary judgment. (Docket #34, #36, #60, #84).

On February 22, 2017, after those motions were fully briefed, the parties informed the Court by a joint report that because of ongoing issues related to the Texas Litigation that could affect this case, this Court need not address the pending motions. On September 25 and 26, 2017, Pro-Driver informed the Court that it still desires that the Court postpone addressing the pending motions until the Texas Litigation proceeds further, but Cincinnati indicated that it is ready for a decision on coverage based on the current briefing.[2]

The Court finds the most prudent course is to deny the pending motions, (Docket #34, #36, #60, #84), without prejudice. Some of the issues

---

[1]Cincinnati also filed third-party complaints against EB IP Holdings, LLC and Professional Drivers of Georgia, Inc., the plaintiffs in the underlying Texas Litigation, but those parties have since been voluntarily dismissed from this case. *See* (Docket #87, #88).

[2]It appears that Pro-Driver's counsel misrepresented, in its September 25, 2017 e-mail to the Court, Cincinnati's agreement with its position that the Court delay a ruling on the pending motions. As of the time of the issuance of this Order, Pro-Driver's counsel has not defended himself against the accusation of falsehood. Making misrepresentations to the Court is, of course, proscribed by the rules of civil procedure and of professional conduct. *See* Fed. R. Civ. P. 11; American Bar Association Model Rules of Professional Conduct 3.3, *Candor Toward the Tribunal*. Such behavior will not be tolerated in the future.

presented in the pending motions are or might be mooted by progress in the Texas Litigation, as has already been the case during the course of the litigation in this Court.

Further, the Texas Litigation is still in its early stages; discovery is not yet complete. *See EB IP Holdings LLC, and Professional Drivers of Georgia, Inc. d/b/a ProDrivers v. Pro-Driver Leasing Systems, Inc. and PDL, Inc.*, Case No. 4:16-cv-01659, Docket #56 (setting the discovery deadline as October 16, 2017). Under Wisconsin law, which the parties agree governs the coverage issue in this case, *see* (Docket #4 at 2, #61 at 8), the coverage determination can be made before liability in the underlying case is established only if the facts bearing on coverage are undisputed. *See Olson v. Farrar*, 809 N.W.2d 1, 9 (Wis. 2012); *Oddsen v. Henry*, 878 N.W.2d 720, 729 (Wis. Ct. App. 2016). Without a more complete record from the underlying litigation establishing the nature and proof of the claims pending against Pro-Driver and PDL, a decision from this Court on Cincinnati's duty to indemnify those claims would be premature.

If and when the need arises for this Court to decide coverage liability or other claims in this case, the parties are free to refile their motions and present the Court with issues that are ripe for adjudication.

Accordingly,

**IT IS ORDERED** that Pro-Driver's motion to dismiss Cincinnati's counterclaims (Docket #34) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that PDL's motion to dismiss Cincinnati's third-party complaint (Docket #36) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Cincinnati's motion for summary judgment (Docket #60) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Pro-Driver's motion for summary judgment (Docket #84) be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 29th day of September, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge